SAMUEL HEWETT, administrator, &c., v. THE N. Y. CENTRAL RAILROAD COMPANY.

(GENERAL TERM, THIRD DEPARTMENT, JULY, 1870.)

Where, in an action against a railroad company for running over and causing the death of the plaintiff's intestate while in the act of crossing the defendant's track at a street crossing, the defendant asked the court to charge, that if the defendant, after reaching the crossing, attempted to cross the track without looking in the direction of the approaching train, she was guilty of negligence, and the plaintiff could not recover.—*Held*, that the request was proper, and the charge should have been made as requested.

And held, further, that it was error to charge as requested, with the qualification that if the deceased acted with ordinary prudence and due care, there being but four seconds of time required to cross, the jury might find for the plaintiff.

EXCEPTIONS ordered to be heard in the first instance at General Term. The facts of the case, so far as material, are sufficiently stated in the opinion.

*G. Smith,* for the plaintiff.

*S. A. Jackson,* for the defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. This action was brought to recover damages of the defendant, alleged to have been sustained by the plaintiff in consequence of the death of his intestate, Harriet A. Hewitt, which is charged to have been caused by the negligence of the defendant's agents. The deceased was killed while crossing the defendant's track on Bridge street, in the village of Amsterdam, by an express train passing east. Evidence was introduced to establish negligence on the part of the defendant; and it was insisted by the defendant that the facts presented, established that the negligence of the plaintiff's intestate contributed to the production of the injury which resulted in her death. A motion was made for a nonsuit upon this ground, at the close of the testimony, which was denied and an exception taken to the ruling of the justice. At the conclusion of the charge of the judge to the jury, the defendant's counsel, among other requests to charge, asked the court to charge the jury, that if the deceased, after she reached Bridge street, attempted to cross the railroad track at the time she was injured, without looking westerly to see if an engine was approaching, she was guilty of negligence and the plaintiff cannot recover. The court so charged with the qualification, that if the circumstances of the case show that she acted with ordinary prudence and with due care, there being but four seconds of time required to cross, the jury may find for the plaintiff. Exception was duly taken to the refusal to charge as so requested without the qualification, and to such qualification.

I think that the defendant's request should have been com-
plied with, and that there was error in refusing to charge, as
well as in the qualification appended to the charge. If the
plaintiff in the action was entitled to recover at all, it was
upon the ground that the deceased was not guilty of negli-
gence which contributed to produce the injury. The train
which caused the death of the intestate came from the west,
and it is probable if not entirely certain that she could have
seen it had she looked in that direction. She was bound to
use ordinary prudence and care in protecting herself, and I
think was guilty of negligence if she did not employ her
ordinary faculties for this purpose. This rule is too well
settled to admit of any question at the present time. (*Gonzalez*
v. *N. Y. & H. R. R. Co.*, 38 N. Y., 442; *Wilcox* v. *Rome,
W. & Ogdensburgh R. R. Co.*, 34 N. Y., 366; *Beisegel* v.
*N. Y. C. R. R. Co.*, 40 N. Y., 922; *Grippen* v. *N. Y. C.
R. R. Co.*, 40 N. Y., 51.) The charge of the judge in fact
concedes the correctness of the principle embodied in the
request made, but seeks to limit its application to the
circumstances of the case on trial. The effect of the qualifica-
tion was to instruct the jury that inasmuch as a very short
time was required to cross the track, they were authorized to
find, that in the exercise of ordinary prudence the deceased
was not bound to look to see whether a train was approach-
ing, even although the circumstances show she had reason to ·
believe one was then due, which she might have avoided if she
had taken the pains to look in the direction from which it
came. This was clearly wrong and in conflict with the prin-
ciple laid down in numerous cases, to some of which I have
referred. If ordinary care and prudence requires persons
passing a railroad track to exercise their faculties in seeing
whether a train is approaching, then the deceased would not
be exonerated because only a few seconds was required to
cross. The qualification put was a substantial denial of the
proposition made, and may well have misled the jury.

In the case last cited, *Grippen* v. *N. Y. C. R. R. Co.*, (40
N. Y., 51), a similar request was made and refused, and it was

held that the refusal was erroneous.  I think this case is decisive of the question discussed.  Some other questions are raised by the defendant, but as a new trial must be granted for the error of the judge in refusing to charge as requested, it is needless to discuss them.

A new trial must be granted with costs to abide the event. New trial granted.